UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| C.S. by her Next Friend, ADAM STROUB, | Case No.:  4:22-cv-10993-TGB-EAS |
| Plaintiff, | HON. TERRENCE G. BERG |
| v | |
| CRAIG MCCRUMB, Individually and in his official capacity as Superintendent of Durand Area Schools and AMY LEFFEL, Individually and in her official capacity as Principal of Robert Kerr Elementary School And MICHAEL PAPANEK Individually and in his official capacity as On Track Coach of Robert Kerr Elementary School, | |
| Defendants. | |

JOHN ROBERT MONROE
Attorney for Plaintiff
9640 Coleman Road
Roswell, GA  30075
(678) 362-7650
_____

GREGORY W. MAIR (P 67465)
DANIEL J. LOBELLO (P81069)
Attorneys for Defendants
300 St. Andrews Road, Suite 302
Saginaw, Michigan  48638
(989) 790-0960

_____

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT WITH NEW MATTER AND AFFIRMATIVE DEFENSES

NOW COME the Defendants, CRAIG MCCRUMB, AMY LEFFEL, and MICHAEL PAPANEK by and through their attorneys, GREGORY W. MAIR and DANIEL J. LOBELLO, and for their answer to the Plaintiff's Complaint, state as follows:

## I.    INTRODUCTION

1.    Defendants admit only that 42 U.S.C. § 1983 speaks for itself and deny that any of the Plaintiff's constitutional rights have been violated.  In further response, Defendants deny that the Plaintiff is entitled to declaratory or injunctive relief, or any measure of damages in this case.

## II.    JURISDICTION & VENUE

2.    Defendants admit the allegations of said paragraph for jurisdictional purposes only.

3.    Defendants admit the allegations of said paragraph for jurisdictional purposes only.

## III.    PARTIES

4.    Defendants admit the allegations of said paragraph upon information and belief leaving Plaintiff to her strict proofs.

5.    Defendants admit the allegations of said paragraph upon information and belief leaving Plaintiff to her strict proofs.

6.     Defendants generally admit the allegations of said paragraph.

7.     Defendants admit the allegations of said paragraph upon information and belief.

8.     Defendants generally admit the allegations of said paragraph upon information and belief leaving Plaintiff to her strict proofs.

9.     Defendants generally admit the allegations of said paragraph upon information and belief leaving Plaintiff to her strict proofs.

10.    Defendants generally admit the allegations of said paragraph upon information and belief leaving Plaintiff to her strict proofs.

11.    Defendants generally admit the allegations of said paragraph upon information and belief leaving Plaintiff to her strict proofs.

12.    Defendants admit the allegations of said paragraph upon information and belief leaving Plaintiff to her strict proofs.

13.    Defendants admit the allegations of said paragraph upon information and belief leaving Plaintiff to her strict proofs.

14.    Defendants generally admit the allegations of said paragraph upon information and belief leaving Plaintiff to her strict proofs.

15.    Defendants generally admit the allegations upon information and belief leaving Plaintiff to her strict proofs, yet deny any liability and damages in connection with the allegations contained in the Plaintiffs' Complaint.

## IV. FACTUAL BACKGROUND

16.     Defendants generally admit the allegations upon information and belief leaving Plaintiff to her strict proofs.

17.     Defendants generally admit the allegations upon information and belief leaving Plaintiff to her strict proofs.

18.     Defendants generally admit the allegations upon information and belief leaving Plaintiff to her strict proofs.

19.     Defendants admit only that Exhibit 1 speaks for itself.

20.     Defendants deny the allegations of said paragraph of Plaintiff's Complaint as not being an accurate recitation of the interpreted meaning of "the Hat" and, further, aver that the image and words invite negative reactions and disruptions to the educational setting.

21.     Defendants neither admit nor deny the allegations contained in the instant paragraph for lack of sufficient information upon which to form a belief leaving Plaintiff to her strict proofs.

22.     Defendants neither admit nor deny the allegations contained in the instant paragraph for lack of sufficient information upon which to form a belief leaving Plaintiff to her strict proofs.

23.     Defendants neither admit nor deny the allegations contained in the instant paragraph for lack of sufficient information upon which to form a belief

leaving Plaintiff to her strict proofs.

24.     Defendants neither admit nor deny the allegations contained in the instant paragraph for lack of sufficient information upon which to form a belief leaving Plaintiff to her strict proofs.

25.     Defendants neither admit nor deny the allegations contained in the instant paragraph for lack of sufficient information upon which to form a belief leaving Plaintiff to her strict proofs.

26.     Defendants neither admit nor deny the allegations contained in the instant paragraph for lack of sufficient information upon which to form a belief leaving Plaintiff to her strict proofs.

27.     Defendants admit that Exhibit 2 speaks for itself and neither admit nor deny the remaining allegations contained in the instant paragraph for lack of sufficient information upon which to form a belief leaving Plaintiff to her strict proofs.

28.     Defendants neither admit nor deny the allegations contained in the instant paragraph for lack of sufficient information upon which to form a belief leaving Plaintiff to her strict proofs.

29.     Defendants neither admit nor deny the allegations contained in the instant paragraph for lack of sufficient information upon which to form a belief leaving Plaintiff to her strict proofs.

30.    Defendants neither admit nor deny the allegations contained in the instant paragraph for lack of sufficient information upon which to form a belief leaving Plaintiff to her strict proofs.

31.    Defendants neither admit nor deny the allegations contained in the instant paragraph for lack of sufficient information upon which to form a belief leaving Plaintiff to her strict proofs.

32.    Defendants generally admit the allegations of said paragraph upon information and belief.

33.    Defendants generally admit the allegations of said paragraph upon information and belief.

34.    Defendants generally admit the allegations of said paragraph upon information and belief.

35.    Defendants neither admit nor deny the allegations contained in the instant paragraph for lack of sufficient information upon which to form a belief leaving Plaintiff to her strict proofs.

36.    Defendants admit the communication referenced in said paragraph of Plaintiff's Complaint and deny any liability and damages in connection with the allegations contained in the Plaintiff's Complaint.

37.    Defendants admit the communication referenced in said paragraph of Plaintiff's Complaint and deny any liability and damages in connection with the

allegations contained in the Plaintiff's Complaint.

38.     Defendants admit the communication referenced in said paragraph of Plaintiff's Complaint and deny any liability and damages in connection with the allegations contained in the Plaintiff's Complaint.

39.     Defendants admit the communication referenced in said paragraph of Plaintiff's Complaint and deny any liability and damages in connection with the allegations contained in the Plaintiff's Complaint.

40.     Defendants admit the communication referenced in said paragraph of Plaintiff's Complaint and deny any liability and damages in connection with the allegations contained in the Plaintiff's Complaint.

41.     Defendants admit only that the Kerr Elementary School dress code speaks for itself and aver that the dress code is neutrally applied in the least restrictive means possible and, therefore, Defendants deny any liability and damages in connection with the allegations contained in the Plaintiff's Complaint.

42.     Defendants deny the allegations as being wholly untrue and a complete misstatement regarding speech in a school setting.

43.     Defendants deny the allegations as being wholly untrue and a complete misstatement regarding speech in a school setting.

44.     Defendants deny the allegations as being wholly untrue and a complete misstatement regarding speech in a school setting.

45.     Defendants neither admit nor deny the allegations contained in the instant paragraph for lack of sufficient information upon which to form a belief leaving Plaintiff to her strict proofs of which Defendants deny and liability and damages in connection with the allegations contained in the Plaintiff's Complaint.

## COUNT 1 – VIOLATIONS OF FIRST AMENDMENT

46.     Defendants deny the allegations of said paragraph as untrue.

47.     Defendants deny the allegations of said paragraph as untrue.

## COUNT 2 – VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT

48.     Defendants deny the allegations of said paragraph as untrue.

## PRAYER FOR RELIEF

49.     Defendants acknowledge the allegations of said paragraph and deny that the Plaintiff is entitled to declaratory relief.

50.     Defendants acknowledge the allegations of said paragraph and deny that the Plaintiff is entitled to a preliminary and/or permanent injunction.

51.     Defendants acknowledge the allegations of said paragraph and the Plaintiff is entitled to nominal damages.

52.     Defendants admit only that 42 U.S.C § 1988 speaks for itself and deny that same applies here, and deny that the Plaintiff is entitled to any sums whatsoever including costs, interest, or attorney fees.

53.     Defendants acknowledge the allegations of said paragraph and deny that the Plaintiff is entitled to any other relief.

WHEREFORE the Defendants respectfully request that the Court and/or Jury render a verdict of no cause of action in their favor and award them reasonable costs and attorney fees.

## <u>NEW MATTER AND AFFIRMATIVE DEFENSES</u>

NOW COME the above-named Defendants, CRAIG MCCRUMB, AMY LEFFEL, and MICHAEL PAPANEK by and through their attorneys, GREGORY W. MAIR and DANIEL J. LoBELLO, and, by way of New Matter and Affirmative Defenses, state as follows:

Defendants aver that some of the New Matter and Affirmative Defenses stated below may not apply to this case, and at the close of discovery, and upon the request of Plaintiff's counsel, Defendants may withdraw some of their New Matter and Affirmative Defenses.

A.     That these Defendants aver that all persons have certain constitutional rights, however, the assertion of constitutional rights by the Plaintiff are either inapplicable and/or unfounded and at no time was there any breach of or violation of the Plaintiff's constitutional rights by these Defendants given its interest in maintaining an appropriate educational environment for all of its students.

B.     That there has, otherwise, been no improper or unlawful action taken against the Plaintiff by these Defendants.

C.     That Defendants deny that there was, in any way, a proximate cause of any alleged injuries or damages to the Plaintiff and/or the cause of any basis for the Plaintiff to claim monetary damages based upon the allegations of Plaintiff's Complaint are limited by statute.

D.     That, to the extent that the Plaintiff was injured or damaged, it was as a result of the Plaintiff's own conduct, wrongful or otherwise.

E.     That the Plaintiff has failed to mitigate her damages and/or that the damages claimed by the Plaintiff are excessive, exaggerated or not causally connected to any action or inaction on the part of the Defendants.

F.     That the instant action is barred in whole or in part by the doctrine of governmental immunity and/or qualified immunity by virtue of the individual Defendants acting in the course and scope of their employment as school district personnel / administrators.

G.     That at no time were any of the Plaintiff's constitutional rights under both Federal and State law violated by the Defendants' enforcement of the school's dress code as same is equally neutrally applied and in furtherance of the school district's interest in maintaining a safe and appropriate educational environment for all of its students.

H.      That the Durand Area School's dress code policy is not constitutionally overbroad or vague while being content-neutral at all times relevant.

I.      That the Defendants' enforcement of the dress code policy does not amount to viewpoint discrimination.

J.      That the Plaintiff's wearing of a hat on school grounds during school hours is not a fundamental right protected by the Due Process clause of the First and/ or Fourteenth Amendments of the United States Constitution.

K.      That the Plaintiff individually, and/or through her next friend, had adequate notice and the opportunity to respond to the Durand Area School's dress code policy.

L.      That the Durand Area School's dress code policy is rationally related to the legitimate state interest of educating students in a safe and appropriate setting.

M.      That the Defendants were clothed with authority under the Constitution and/ or statute to prohibit vulgar, lewd or plainly offensive student speech.

N.      That the Defendants were clothed with authority under the Constitution and/ or statute to censor student speech in a manner consistent with pedagogical concerns.

O.    That the Defendants were clothed with authority under the Constitution and/ or statute to regulate speech that substantially and materially interfered with school work or discipline.

P.    That the Defendants' enforcement of the school's dress code policy was not arbitrary or capricious.

Q.    That the proofs may show that the Plaintiff was never deprived of a property and/or liberty interest subject to constitutional protection.

R.    That the Plaintiff may have failed to exhaust her administrative remedies, thereby barring the instant action in whole or in part.

S.    That the Defendants reserve the right to amend their Affirmative Defenses during the course of this litigation.

WHEREFORE, Defendants deny that the Plaintiff is entitled to any sum or sums whatsoever and pray that the Court and/or jury return a verdict in their favor together with actual and statutory costs and attorney fees to be taxed.

Respectfully submitted,


Date:  June 6, 2022                    /s/GREGORY W. MAIR_____
                                       GREGORY W. MAIR (P 67465)
                                       DANIEL J. LOBELLO (P81069)
                                       Attorneys for Defendants
                                       300 St. Andrews Road, Suite 302
                                       Saginaw, MI  48638

## **<u>DEMAND FOR JURY</u>**

NOW COMES the above-named Defendants, CRAIG MCCRUMB, AMY LEFFEL, and MICHAEL PAPANEK, by and through their Attorneys, GREGORY W. MAIR and DANIEL J. LOBELLO, and hereby demands a jury in the Trial of the above entitled cause of action.

Respectfully Submitted,

Date:  June 6, 2022          /s/GREGORY W. MAIR_____
                             GREGORY W. MAIR (P 67465)
                             DANIEL J. LOBELLO (P81069)
                             Attorneys for Defendants
                             300 St. Andrews Road, Suite 302
                             Saginaw, MI  48638

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send confirmation of such filing to the following:

| | |
|---|---|
| John Monroe | jrm@johnmonrowlaw.com |
| | |
| Gregory W. Mair | gregmair@owdpc.com |
| | dmcclure@owdpc.com |
| | jmconnolly@owdpc.com |
| | sheryl@owdpc.com |
| | |
| Daniel J. LoBello | dlobello@owdpc.com |

Respectfully submitted,

Date: June 6, 2022                    /s/GREGORY W. MAIR
                                      GREGORY W. MAIR (P 67465)
                                      DANIEL J. LOBELLO (P81069)
                                      Attorneys for Defendants
                                      300 St. Andrews Road, Suite 302
                                      Saginaw, Michigan  48638
                                      gmair@owdpc.com