UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————————————————————

C.S. by her Next Friend,
ADAM STROUB,

    Plaintiff,

v.

CRAIG MCCRUMB et al.,

    Defendants.

_____/

Case No. 4:22-cv-10993-TGB-EAS
Hon. Terence E. Berg
Magistrate Judge
    Elizabeth A. Stafford

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF 17) <u>AS UNTIMELY</u>**

## **STATEMENT OF QUESTION PRESENTED**

1. Where the Court's scheduling order set a date certain of April 22, 2023 for the parties' motions for summary judgment, is a motion filed two days later untimely where Sixth Circuit precedent holds that the tolling provisions of FRCP 6(a) do not apply to date-certain deadlines.

## **CONTROLLING/MOST APPROPRIATE AUTHORITY**

*Fleischhauer v. Feltner*, 3 F.3d 148 (6th Cir. 1993)

*Violette v. P.A. Days, Inc.* 427 F.3d 1015 (6th Cir. 2005)

## TABLE OF CONTENTS

**Page**

Statement of Question Presented…………………………………………….i

Controlling/Most Appropriate Authority……………………………....…iii

Index of Authorities…………...…………………………………………….v

Statement of Material Facts……………………………………….………1

Argument……………………………………………………………..……1

I.   Defendants' motion is untimely and should be stricken……..……1

Conclusion/Relief Requested………………………………………....…4

# **INDEX OF AUTHORITIES**

**Page**

## **Cases**

*Fleischhauer v. Feltner*, 3 F.3d 148 (6th Cir. 1993)............................2-4

*Violette v. P.A. Days, Inc.* 427 F.3d 1015 (6th Cir. 2005).....................1-4

## **Statutes and Court Rules**

Fed. R. Civ. P. 6(a).................................................................1-4

Fed. R. Civ. P. 50(b).................................................................,,....3

## **Other authorities**

1 Moore's Federal Practice – Civil (2023).....................................1, 4

**Statement of Material Facts**

1. This Court upon the parties' stipulation entered an Order adjourning the original February 22, 2023 deadline for filing dispositive motions to April 22, 2023, a Saturday. ECF 14.

2. Plaintiff on Friday, April 21, 2023 filed her Motion for Summary Judgment. ECF 15.

3. Defendants on Monday, April 24 filed their Motion for Summary Judgment. ECF 17.

**Argument**

**I.   Defendants motion is untimely and should be stricken.**

Under Fed. R. Civ. P. 6, when a period is stated in days (or a longer unit of time), but its last day is a Saturday, Sunday or legal holiday, the period continues to run until the next day that is not a Saturday, Sunday or legal holiday. Fed. R. Civ. P. 6(a)(1)(C). However, "…when a statute, court order, or other provision requires action by a specific, designated date, and that date happens to fall on a weekend or holiday, Rule 6(a)(1)(C) does not operate to extend the deadline." 1 Moore's Federal Practice – Civil § 6.04, n. 29.1 (2023), citing *Violette v. P.A. Days, Inc.* 427

F.3d 1015, 1017-19 (6th Cir. 2005). That principle renders Defendants' summary-judgment motion untimely.

In *Violette*, the parties settled their class action and the District Court set a deadline of February 14, a Saturday, for any class member to mail notice to opt out. Plaintiffs moved to count any notices postmarked by the next business day, Tuesday, February 17, arguing that FRCP 6(a) operated to extend the deadline, and the District Court agreed. *Violette*, 427 F.3d at 1016-17. But the Sixth Circuit reversed, holding that FRCP 6(a) does not apply to extend a date-certain deadline even though it falls on a weekend or holiday. As the court explained, "[t]he language of Rule 6(a) does not address situations where litigants are required to file papers on a particular, stated calendar date." 427 F.3d at 1018.

In holding that a date-certain deadline means the actual date, even if it falls on a Saturday, Sunday or holiday, the court followed its earlier ruling in *Fleischhauer v. Feltner*, 3 F.3d 148 (6th Cir. 1993). In *Fleischhauer*, the District Court set a deadline of Saturday, February 1 for Plaintiffs to file a supplemental fee application, but they did not file it until Monday, February 3. The District Court rejected plaintiffs'

2

argument that FRCP 6(a) extended the deadline to Monday and struck the supplemental fee application, and the Sixth Circuit affirmed:

> Computation under Rule 6(a), by its very nature, is only necessary when a court orders something to be done in a particular number of days. [The District Court's] order did not require the plaintiffs to file something within ten days, for example, but rather required the plaintiffs to file all documents the court was to consider by February 1. We construe this to mean that February 1 was a final deadline. Because February 1 fell on a Saturday does not invalidate the judge's order, nor did it extend the time by reason of local court or federal rules to February 3. [*Fleischhauer*, 3 F.3d at 151].

*Fleischhauer* is directly on point. The time for the parties to file their summary-judgment motions was not calculated in terms of days. *Cf.* Fed. R. Civ. P. 50(b) (renewed motion for judgment as a matter of law must be filed within 28 days after entry of judgment or discharge of jury). Rather, this Court (upon the parties' stipulation) set the cutoff at April 22, a Saturday. ECF 14. Defendants' motion, filed two days later, was untimely and should be stricken.

"[R]equiring that date-certain deadlines be extended under the computational algorithm of Civil Rule 6(a) would inhibit the discretion of judges and parties to establish deadlines for performance of trial-related activities; there is no indication that those who adopted the Rule

3

considered or desired such a policy." *Violette*, 427 F.3d at 1019. "This court cannot appropriate legislative power to render such an [*sic*] deviation from the unambiguous language of the law." *Id*.

Lastly, though the Moore's section cited above indicates that a District Court "may permit late filing on the next business day if a specified date fell on a weekend or holiday," *Id*. at n. 29.2, the cases it cites are from the Fifth, Seventh, and D.C. Circuits. The rule in this circuit is as set forth in *Fleischhauer* and *Violette*, and requires that this Court's date-certain deadline be enforced.

## **CONCLUSION/RELIEF REQUESTED**

Plaintiff requests that the Court strike the Motion for Summary Judgment (ECF 17) filed by Defendants.

    Respectfully submitted,

/s/ John R. Monroe
John R. Monroe
John Monroe Law, P.C.
156 Robert Jones Road
Dawsonville, GA  30534
(678) 362-7650
jrm@johnmonroelaw.com
Georgia State Bar No. 516193

and

4

/s/ Michael F. Smith
Michael F. Smith
The Smith Appellate Law Firm
1717 Pennsylvania Ave. NW, Ste 1025
Washington, DC  20006
(202) 454-2860

Michigan Office:
24405 Gratiot Ave.
Eastpointe, MI  48021

**Attorneys for Plaintiff**

Date:  April 26, 2023

5