# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| C.S. by her Next Friend, ADAM STROUB, | )Case No.: 4:22-cv-10993-TGB-EAS |
| | ) |
| Plaintiff, | ) HON. TERRENCE G. BERG |
| v | ) |
| | ) |
| CRAIG MCCRUMB, Individually and in his | ) |
| official capacity as Superintendent of Durand | ) |
| Area Schools and AMY LEFFEL, | ) |
| Individually and in her official capacity as | ) |
| Principal of Robert Kerr Elementary School | ) |
| And MICHAEL PAPANEK Individually | ) |
| and in his official capacity as On Track | ) |
| Coach of Robert Kerr Elementary School, | ) |
| | ) |
| Defendants. | ) |
| | ) |

JOHN ROBERT MONROE
Attorney for Plaintiff
156 Robert Jones Road
Dawsonville, GA 30534
678-362-7650

MICHAEL F. SMITH (P49472)
Co-counsel for Plaintiff
24405 Gratiot Avenue
Eastpointe, MI 48021
(202) 454-2860

GREGORY W. MAIR (P67465)
DANIEL J. LOBELLO (P81069)
Attorneys for Defendants
300 St. Andrews Road, Suite 302
Saginaw, Michigan 48638
(989) 790-0960

## DEFENDANTS' REPLY BRIEF

PREPARED BY:
DANIEL J. LoBELLO (P81069)
Attorney for Defendant
300 St. Andrews Road, Suite 302
Saginaw, MI  48638
989-790-0960/dlobello@owdpc.com

# TABLE OF CONTENTS

**Page**

Index of Authorities ……………………………………………………………iii

Introduction …………………………………………………………………...1

Law And Argument…………………………………………………………….2
    I.     Pure Speech……………………………………………………..2
    II.    Hazelwood ……………………………………………….…...4
    III.   Application of the Dress Code ……………………………………5
    IV.   Qualified Immunity …………………………………………….6

Conclusion ……………………………………………………………………7

# INDEX OF AUTHORITIES

**Cases**                                                                                              **Pages**

*Biechele v. Cedar Point, Inc.,*
    747 F.2d 209, 215 (6th Cir. 1984) ……………………………………..3

*Briggs v. Potter,*
    463 F.3d 507, 513 (6th Cir. 2006) ……………………………………..3

*Flying Dog Brewery, LLLP v. Michigan Liquor Control Com'n,*
    597 Fed. Appx. 342,375-376 (6th Cir. 2015) ………………………….6

*Hazelwood Sch. Dist. v. Kuhlmeier,*
    484 U.S. 260, 273, 108 S.Ct. 562 (1988) ………………………….1, 4, 5

*Ison v. Madison Local School Dist. Bd. of Ed.,*
    3F.4th 887, 897 (6th Cir. 2021)………………………………………5

*N.J. by next friend Jacob v. Sonnabend,*
    536 F. Supp. 3d 392 (E.D. Wisc., May 3, 2021) ………………………6, 7

*Polling v. Murphy,*
    872 F.2d 757, 762 (6th Cir. 1989)……………………………………5

*Powell-Pickett v. A.K. Steel Corp.,*
    549 F. App'x 347, 353 (6th Cir. 2013) ………………………………3

*Reich v. City of Elizabethtown, Kentucky,*
    945 F.3d 968, 977 (6th Cir. 2019)…………………………………....3

*Tinker v. Des Moines Indep. Cmty. Sch. Dist.,*
    393 U.S. 503, 509 (1969) …………………………………………1, 6

## **INTRODUCTION**

This Honorable Court is familiar with the facts and circumstances of this First Amendment litigation, and for the purposes of judicial economy, Defendants will not belabor a restatement of same. *See ECF No. 17 and ECF No.15.* In her Response, the Plaintiff has now attached an affidavit which she asserts to "expound and clarify" her deposition testimony regarding her reasoning for wearing "the Hat" on the date in question. *See ECF 20-1, Page ID 503-505.* Nevertheless, even if the wearing of the Hat amounted to "pure speech," Mr. Stroub, has admitted that "wear a hat day" was a school-sponsored event. Interestingly, Mr. Stroub has not sought to "expound or clarify" his deposition testimony to the contrary. To that end, *Hazelwood* rather than *Tinker*, controls over the circumstances of this case.

Moreover, the Plaintiff argues in a colloquial sense that the Defendants' application of the dress code was arbitrary without any analysis as to whether the Defendants' actions were rationally related to a legitimate interest. Finally, whether there has a been a violation of the Plaintiff's constitutional rights remains in question, and the Plaintiff does not present any authority to demonstrate that her right to wear the Hat on the day in question was clearly established. Accordingly, Summary Judgment is appropriate for the Defendants.

## LAW AND ARGUMENT

### I.    Pure Speech

The Plaintiff's declaration now states that she wore the hat because "it shows my support for the right of people to have guns." *See ECF No. 20-1*. In tow, the third (3rd) grade litigant, goes to great lengths in explaining that her declaration does not contradict her deposition testimony such that this Honorable Court should consider same. However, the Plaintiff was asked an open-ended question, "Why did you pick the hat?" The Plaintiff was free to give any response that she wished and stated "Because it made me feel safe."

Likewise, the Plaintiff was asked several questions about her hobbies and what she likes to do for fun. Surprisingly, and in spite of the third (3rd) grader's alleged staunch support for shooting and going to Second Amendment rallies, these activities were not on the list. Certainly, one does not need to exercise their constitutional rights to speak in support of them. However, this questioning was designed to discover whether the Plaintiff engaged in activities that might glean support for the Second Amendment and whether she actually enjoyed them. It is not uncommon for parents to drag their kids to events that they otherwise do not enjoy, and of all the activities that the Plaintiff could have stated, her candid deposition testimony did not include anything remotely related to the Second Amendment.

In evaluating whether the Plaintiff's declaration should be considered, the

2

Plaintiff is the non-movant for the purposes of Defendants Motion.  She was asked a direct question on a material issue during her deposition for which she gave her response.  Given the Plaintiff's age, she was asked a follow up question "was it because it's your dad's hat?" to which she said "Yeah; yes."  On this issue, the Sixth Circuit has reasoned:

> Our precedents suggest "a relatively narrow definition of contradiction."  If a party "was not directly questioned about an issue," a later affidavit on that issue simply "fills a gap left open by the moving party."  After all, deponents have no obligation to volunteer information the questioner fails to seek. *Id.*; *see Briggs v. Potter*, 463 F.3d 507, 513 (6th Cir. 2006) (holding that a party has no obligation to volunteer the content of a conversation when deponent "was not expressly asked" what another said to him).  **But a deponent may not "duck her deposition" or "hold her cards in anticipation of a later advantage."**  *Powell-Pickett v. A.K. Steel Corp.*, 549 F. App'x 347, 353 (6th Cir. 2013).  Where a deponent is "asked specific questions about, yet denies knowledge of, **the material aspects of her case,** the material allegations in her affidavit directly contradict her deposition." *Id.*; *see Biechele v. Cedar Point, Inc.*, 747 F.2d 209, 215 (6th Cir. 1984) (citation omitted) ("If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.").

*Reich v. City of Elizabethtown, Kentucky*, 945 F.3d 968, 977 (6th Cir. 2019)(emphasis added)(citations omitted).

Here, the contradiction does not involve a prior denial, but the Plaintiff's intent and reasoning underlying the purported speech.  There is no dispute that "feeling safe" and "love for her father" presents an unrelated and different rationale

3

than support for gun rights. That is not to say that both reasons could not exist together, but the Plaintiff did not give both reasons at her deposition. In addition to the foregoing, the Plaintiff's mother testified that she selected the hat because she bought it for her dad's birthday. *See ECF No.17-5*. Although the Plaintiff's mother was deposed two (2) months after the Plaintiff, no attempt was made to clarify the Plaintiff's testimony at that time. As such, the Plaintiff's declaration is a contradiction of her earlier testimony and should be stricken from consideration.[1]

## II.   Hazelwood

Notwithstanding the above, Mr. Stroub testified that "wear a hat day" was a school sponsored event. *ECF 17-2, pg. 7*. Yet, in the Plaintiff's Response, she argues that the special dress up day "does not bear the imprimatur of the school." *See ECF No. 20, Page ID 498*. Seemingly, in making this assertion, Mr. Stroub's testimony and the RKES Newsletter advertising the Great Kindness Challenge were overlooked. If the circumstances were observed by a casual onlooker, students would not be seen wearing hats in the building during regular school days. Conversely, that same onlooker on "wear a hat day" could conclude that students wearing of hats in the building was condoned or sponsored by the School. The

---

[1] To be clear, the Defendants and their counsel do not accuse or imply that the minor Plaintiff has done anything wrong, and by now, it should be evident that the Plaintiff's Next Friend is attempting to commandeer his daughter's rights in advance of his own interests. However, this is her claim—not his.

Plaintiff contests that the School could not possibly have been viewed as endorsing hundreds of individualized messages printed on each of the students' hats. However, that is not the correct analysis. Instead, the hundreds of individual messages convey that the school endorsed school-appropriate, dress-code compliant messages leaving only the Plaintiff's purported "message" as the outlier. In that connection, a school's pedagogical justification is not restricted to the academic, but also includes student civility towards others. *See Polling v. Murphy*, 872 F.2d 757, 762 (6th Cir. 1989). There can be no dispute that the event was supervised by faculty and RKES students received a checklist, were encouraged to complete as many acts of kindness as possible, and had the potential to receive a small prize and recognition from the School. *See ECF 17-8.* Thus, *Hazelwood* applies to warrant that no Constitutional violation occurred.

### III.    Application of the Dress Code

In her Response, the Plaintiff appears to state an "as applied" challenge to the dress code arguing that same is arbitrary in the colloquial sense. Plaintiff does not address whether rational basis or strict scrutiny should apply. Instead, the Plaintiff argues that the dress code is also "vague" in that the term "weapon," "gun," or "firearm" are not mentioned. However, the dress code does not need to be of "perfect clarity or precise guidance" to be upheld. *See e.g. Ison v. Madison Local School Dist. Bd. of Ed.*, 3F.4th 887, 897 (6th Cir. 2021).

## IV.   Qualified Immunity

The Plaintiff is correct in stating that Qualified Immunity does not apply to injunctive or declaratory relief.  Still, this does not relieve the Plaintiff from her separate obligation to demonstrate that said relief is appropriate, and those issues are not presently before the Court.  Turning back to Qualified Immunity, Defendants aver that no constitutional violation has occurred.  As to whether the right is clearly established, the Plaintiff posits that *Tinker* and subsequent Sixth (6th) Circuit decisions demonstrate that the Plaintiff's right to wear "the Hat" during a school sponsored event is clearly establish.  Consequently, if such authority existed, then the Plaintiff does not specifically identify said authority in the context of this case.[2] Perhaps, the closest case to the present comes from *N.J. by next friend Jacob v. Sonnabend*, 536 F. Supp. 3d 392 (E.D. Wisc., May 3, 2021).  However, for the

---

[2] A government official is liable for the violation of a constitutional right if " 'the right was clearly established ... in light of the specific context of the case.'" "A right is clearly established if 'the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right.' " The "clearly established" inquiry " 'must be undertaken in light of the specific context of the case, not as a broad general proposition.' " " 'In an obvious case, general standards can clearly establish the answer, even without a body of relevant case law.' " "We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." "When determining whether a constitutional right is clearly established, we look first to decisions of the Supreme Court, then to our own decisions and those of other courts within the circuit, and then to decisions of other Courts of Appeal." *Flying Dog Brewery, LLLP v. Michigan Liquor Control Com'n*, 597 Fed. Appx. 342,375-376 (6th Cir. 2015)(citations omitted).

reasons stated in Defendants principal brief, there are material issues in that case which distinguish it from the present, including, but not limited to, the context in which N.J. wore the clothing depicting firearms and his intent in doing so. *See ECF 17, Page ID 315-316.* Likewise, the Seventh Circuit did not decide *Sonnabend* until after the events of this case transpired. As such, even if *Sonnabend* is found to have a direct application to this case, the Defendants could not be said to have notice of a clearly established the right in this case.

## **CONCLUSION**

WHEREFORE, Defendants, CRAIG MCCRUMB, AMY LEFFEL, MICHAEL PAPANEK, respectfully request that this Honorable Court GRANT their Motion for Summary Judgment and dismiss the Plaintiff's Complaint with prejudice and in its entirety, together with any other relief that this Honorable Court may deem fair, just and in good conscience.

Respectfully submitted,

Date: May 26, 2023          /s/ DANIEL J. LoBELLO
                            GREGORY W. MAIR (P67465)
                            DANIEL J. LoBELLO (P81069)
                            Attorneys for Defendants
                            300 St. Andrews Road, Suite 302
                            Saginaw, Michigan  48638
                            gregmair@owdpc.com
                            dlobello@owdpc.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing paper with the Clerk

of the Court using the ECF system which will send confirmation of such filing to the

following:

John Monroe                         jrm@johnmonrowlaw.com

Michael F. Smith                    smith@smithpllc.com

Gregory W. Mair                     gregmair@owdpc.com
                                    dmcclure@owdpc.com
                                    jmconnolly@owdpc.com
                                    sheryl@owdpc.com

Daniel J. LoBello                   dan@owdpc.com


                         Respectfully submitted,


Date: May 26, 2023      /s/DANIEL J. LOBELLO (P81069)
                        Attorney for Defendants
                        300 St. Andrews Road, Suite 302
                        Saginaw, Michigan  48638
                        dlobello@owdpc.com

8